GRIFFIN, J.
This is an appeal of a final order issued by the State of Florida Board of Professional Surveyors and Mappers [“the Board”], which determined that appellant, Jose A. Osorio, Sr. [“Osorio”], is not eligible for licensure by examination.
On July 11, 2003, Osorio applied to take an examination for licensure in the State of Florida as a professional surveyor and mapper. The educational history shown on the application indicated that Osorio had completed three years of college, mostly in Central America. Because of his foreign studies, Osorio submitted with his application a “Report of Evaluation of Educational Credentials,” which indicated that during his studies Osorio had earned a degree as a “Technician in Topography *189 and Cadastref[1] (Technico en Topografía y Catastro)” at the National University of Costa Rica. The report stated that the degree is the equivalent of a United States degree of Associate in Science in Land Surveying and that the named university is recognized (accredited) by the Ministry of Education in Costa Rica as an institution of higher education. The course of study shown by the report included a total of 60.59 hours of study, of which 43.26 hours appears to have been devoted to the study of topography and related subjects. The report concluded in relevant part that:
Mr. Osorio has the equivalent of ... the U.S. degree of Associate in Science in Land Surveying earned at a regionally accredited institution of higher education in the United States.
As part of his application, Osorio also submitted documentation showing that he had worked for a registered surveyor and mapper for a total of forty-six months, performing various types of surveying and mapping work, and that for the preceding twenty-four months he had been employed by Orange County Utilities as an Engineering Technician IV, a position which required him to utilize certain surveying skills. On September 17, 2003, Osorio was given notice that the Board intended to deny his application because “you have never graduated from any four year course of study....”
Osorio challenged the Board’s decision to deny his application, contending that he had satisfied the requisites set forth in section 472.013(2)(a), Florida Statutes, for taking the exam. He sought and was granted an informal hearing, after which the Board issued its final order upholding the denial on the basis that his foreign degree was the equivalent of a two-year degree in the United States.
Osorio complains that the Board improperly denied his application to take the examination for licensure in surveying and mapping on the basis that he failed to establish that he was a graduate of a four-year course of study. He contends that this is a requirement of section 472.013(2) (b), Florida Statutes, only. He argues that section 472.013(2) (a), Florida Statutes, plainly does not require a four-year course of study, and that he was therefore entitled to take the examination.
Section 472.013(2), Florida Statutes (2002), contains the academic requirements that must be satisfied in Florida by an applicant for a license in surveying and mapping. The statute contains two educational alternatives, which are outlined in subsections (2)(a) and (2)(b):
(2) An applicant shall be entitled to take the licensure examination to practice in this state as a surveyor and mapper if the applicant is of good moral character and has satisfied one of the following requirements:
(a) The applicant is a graduate of an approved course of study in surveying and mapping from a college or university recognized by the board and has a specific experience record of 4 or more years as a subordinate to a professional surveyor and mapper in the active practice of surveying and mapping, which experience is of a nature indicating that the applicant was in responsible charge of the accuracy and correctness of the surveying and mapping work performed. The course of study in surveying and mapping must have included not fewer than 32 semester hours of study, or its academic equivalent, in the science of surveying and mapping or in board-approved surveying-and-mapping-related *190 courses. Work experience acquired as a part of the education requirement shall not be construed as experience in responsible charge.
(b) The applicant is a graduate of a 4-year course of study, other than in surveying and mapping, at an accredited college or university and has a specific experience record of 6 or more years as a subordinate to a registered surveyor and mapper in the active practice of surveying and mapping, 5 years of which shall be of 'a nature indicating that the applicant was in responsible charge of the accuracy and correctness of the surveying and mapping work performed. The course of study in disciplines other than surveying and mapping must have included not fewer than 32 semester hours of study or its academic equivalent, 25 semester hours of which shall be in surveying and mapping subjects or in any combination of courses in civil engineering, surveying, mapping, mathematics, photogrammetry, forestry, or land law and the physical sciences. Work experience acquired as a part of the education requirement shall not be construed as experience in responsible charge.
The Board contends that section 472.013(2) (a), Florida Statutes, is “ambiguous” and requires interpretation regarding the need for a four-year degree. The section requires an applicant to be a graduate of an approved course of study in surveying and mapping from a “college or university.” The Board urges that “college or university” could only mean a four-year institution. The Board maintains that because it is the agency charged with administering the statute, its interpretation of subsection (a) — that a four-year degree is required — is entitled to great deference and must be affirmed on appeal.
Although an agency’s interpretation of the statute that it is charged with enforcing is entitled to great deference, Level 3 Communications, LLC v. Jacobs, 841 So.2d 447, 450 (Fla.2003), a court is not required to defer to a construction that is unreasonable or is clearly erroneous. Purvis v. Marion County School Bd., 766 So.2d 492, 499 (Fla. 5th DCA 2000). Thus, if the agency’s interpretation conflicts with the plain and ordinary meaning of the statute, deference is not required. Verizon Fla., Inc. v. Jacobs, 810 So.2d 906, 908 (Fla.2002). Moreover, when the language of the statute under interpretation is unambiguous and has a plain and ordinary meaning, the plain meaning should be given effect. Florida Hosp. v. Agency for Health Care Admin., 823 So.2d 844, 848 (Fla. 1st DCA 2002).
Subsection (b) of section 472.013(2) plainly requires a four-year degree from an accredited college or university. It applies to an applicant who is “a graduate of a four-year course of study, other than in surveying and mapping.” (emphasis added.) The statute also requires a minimum of twenty-five semester hours in surveying, mapping or allied subjects, together with six or more years as a subordinate surveyor.
Subsection (a), in contrast, contains no corresponding requirement of a four-year degree. Instead, it states that the applicant must be “a graduate of an approved course of study in surveying and mapping from a college or university recognized by the board.... ” The other requirements are a minimum of thirty-two semester hours of study in the science of surveying and mapping and four years as a subordinate to a professional surveyor. The Board posits that an “approved course of study” at a recognized college or university would, of necessity, culminate in a bachelor’s degree, but many colleges offer de *191 grees other than four-year degrees. In fact many colleges and universities offer an associate’s degree in surveying and mapping. An associate’s degree is “a degree or title granted by some colleges and universities to students who finish a course that is complete in itself but shorter than that leading to a bachelor’s degree.” Webster’s Third New International Dictionary, p. 132 (1976).[2] Inclusion of the four-year requirement in subsection (b) shows that the legislature knew how to draft such a limitation but chose not to include it in subsection (a). In fact, the lack of symmetry between the two sections where symmetry would be so obvious and easily achieved by eliminating the words “other than” reinforces the point. Taken alone and in comparison with the text of subsection (b), to say that subsection (a) requires a four-year degree is an unreasonable interpretation.
Accordingly, we vacate the order of the Board and remand for further proceedings consistent with this opinion.
ORDER VACATED; REMANDED.
PALMER and ORFINGER, JJ., concur.

. “Cadastre” is "an official register of the quantity, value and ownership of real estate used in apportioning taxes.” Webster’s New Collegiate Dictionary, p. 154 (1976).

. The Board’s regulation interpreting the educational requirements of section 472.013(2)(a) refers to a course of study in surveying and mapping accredited by the Accreditation Board for Engineering and Technology [“ABET”]. See Fla. Admin. Code R. 61G17-3.0021(1). For the associate degree programs in surveying accredited by ABET, see http://www.nmsu.edu/~survey/Wha-tls/files/Education.htm. For example, Pennsylvania College of Technology offers an Associate of Applied Science Degree in Surveying Technology. See http://www.pct.edu/degrp-rog/su.shtml. The program is accredited by ABET and requires the completion of a total of 71 hours, of which more than 32 hours are surveying and mapping related courses.